USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 97-1058 ALFRED A. GALLANT, II, Plaintiff, Appellant, v. SGT. DAVID GEORGE, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Steven J. McAuliffe, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Campbell, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ ____________________ Alfred A. Gallant, Jr. on brief pro se. ______________________ ____________________ April 24, 1997 ____________________ Per Curiam. Plaintiff Alfred Gallant, a Maine inmate, __________ filed a civil-rights action against thirteen prison officials in May 1996 complaining of an assortment of alleged abuses. Accompanying his complaint was a request to proceed in forma _________ pauperis. On September 10, 1996, the magistrate-judge ________ imposed an initial partial filing fee of $28.00--a figure representing twenty percent of the average monthly balance in plaintiff's prison account for the six-month period preceding the filing of his complaint. See 28 U.S.C. 1915(b)(1). ___ When plaintiff failed to pay such fee by the September 30 deadline, the district court dismissed the action without prejudice. This ruling is now challenged on appeal.  Plaintiff objects that he lacked the means to pay the initial filing fee. The record reveals that during the relevant period--in May, in September, and at all times in between--the balance in his prison account stood at zero. A prisoner cannot be barred from bringing a civil action when he "has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. 1915(b)(4); see also id.  ________ ___ 1915(b)(1) (the court "shall assess and, when funds exist, collect" an initial fee); see, e.g., Hampton v. Hobbs, 106 ___ ____ _______ _____ F.3d 1281, 1284 (6th Cir. 1997). But while plaintiff's failure to pay the initial filing fee was thus excusable, his serious default in another regard cannot be excused. Pursuant to the magistrate-judge's -2- September 10 order, he was directed to file a consolidated, amended complaint by September 30. Plaintiff never did so, and never explained his failure to do so. Instead, he simply submitted a series of frivolous objections pertaining to other aspects of the magistrate-judge's order. Under these circumstances, the action could properly have been dismissed for lack of prosecution. Particularly given plaintiff's history of abusive litigation, we think it appropriate to affirm the dismissal on this basis--with the judgment modified to reflect a dismissal with, rather than without, ____ _______ prejudice. See, e.g., Hachikian v. FDIC, 96 F.3d 502, 504 ___ ____ _________ ____ (1st Cir. 1996) (appellate court may affirm on any alternative ground made manifest by the record). The judgment is modified to provide for dismissal with ________________________________________________________ prejudice rather than without prejudice. As so modified, the _____________________________________________________________ judgment is affirmed.  _____________________ -3-